UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA BRACKEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-72-SDD-SDJ** |
| **DOUG WELBORN** | |

## ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 22). In her Motion, Plaintiff claims that during recent depositions of Defendant's employees, she either received or learned of documents that were responsive to Plaintiff's discovery requests, but not previously produced by Defendant. Most of the documents identified by Defendant's witnesses were produced shortly after the depositions. Specifically, Defendant produced emails (D-BRACKEN-EMAILS at 11-12 (R. Doc. 22-6 at 46-47)) and notes authored by Ms. Melanie Wells (D-MISC at 40-50 (R. Doc. 22-6 at 55-65)). However, Defendant has still not produced handwritten notes and calendar entries created by Melanie Wells during certain meetings about Plaintiff's job performance that took place prior to her termination.

Plaintiff is asking the Court to compel production of Ms. Wells' outstanding notes and to continue the depositions of Pamela Plunkett and Melanie Wells so that Plaintiff may question them about the documents produced after depositions.

Defendant opposes the Motion, arguing that Plaintiff has not met the standard for conducting additional depositions of witnesses already deposed during discovery. Defendant has also produced a Declaration from Melanie Wells that clearly indicates she has provided all the

notes in her possession and that the notes Plaintiff seeks to compel either never existed or no longer exist.

The Court held a Status Conference on December 14, 2020 (R. Doc. 23), to discuss the issues presented in Plaintiff's Motion to Compel. Based on the parties' representations, and the applicable law, the Court resolves Plaintiff's Motion to Compel below.

### A. Remaining Notes Drafted by Melanie Wells

Plaintiff seemed to concede that there is nothing to compel, given Ms. Wells' statement that she has produced all the notes in her possession. However, Plaintiff asked that Defendant agree to a stipulation indicating that there are no additional notes to produce. But as Defendant pointed out, Ms. Wells has submitted a Declaration under "penalty of perjury," 28 U.S.C. § 1746, that clearly states: "After a diligent search, I have found no other notes or calendar entries to produce that would be responsive . . . ." (R. Doc. 24-3 at 2). The Court therefore agrees with Defendant that Ms. Wells' Declaration is enough, and a stipulation is unnecessary. Plaintiff's Motion to Compel (R. Doc. 22) is therefore **DENIED** as to this issue.

### B. Additional Deposition of Pamela Plunkett

During the conference, Plaintiff acknowledged that all the documents produced after the depositions were authored by Ms. Wells—not Ms. Plunkett. The Court cannot see why then Ms. Plunkett should be deposed for a second time to give testimony about the newly produced documents. How is Ms. Plunkett different from any of the other employees involved in this litigation, who likewise did not author these documents? Plaintiff was unable to give any particular reason why Ms. Plunkett should be questioned about these newly produced documents, and the Court is at a loss to find one. It must therefore **DENY** Plaintiff's Motion to Compel (R. Doc. 22) as to Ms. Plunkett's second deposition.

### C. Additional Deposition of Melanie Wells

Unlike Ms. Plunkett, Ms. Wells authored and provided the documents produced after depositions had been completed. While Defendant opposes any second deposition of Ms. Wells, it seemed to concede during the status conference that it might agree to a limited deposition of Ms. Wells lasting no more than an hour and concerning only a limited number of the documents at issue. Plaintiff on the other hand would not agree to any time limitations and would like to depose Ms. Wells about the newly produced documents, as well as any related matters. The Court has reviewed the documents and the applicable law, *see* Fed. R. Civ. P. 30(a)(2)(ii), and finds it appropriate to allow an additional deposition of Ms. Wells, with limitations, considering the newly produced documents.[1] *Cf. Kansas City S. Ry. Co. v. Nichols Constr. Co., LLC*, 2008 WL 11351311, at *2 (E.D. La. Oct. 2, 2008) ("Requiring a party to be re-deposed is unreasonably cumulative and duplicative where, as here, the plaintiff has already had an ample opportunity to obtain the information it seeks.").

Plaintiff's Motion to Compel is therefore **GRANTED,** and Plaintiff may **depose** Melanie **Wells** for a second time, subject to the following **limitations**:

- Ms. Wells' second deposition must take place **as soon as possible**, but not later than **2 weeks** from the date of this Order.

- Ms. Wells' second deposition will not exceed **1 hour and 30 minutes**.

---

[1] Defendant has argued that Plaintiff never requested these documents in discovery. However, the Court notes that the documents at issue appear responsive to Plaintiff's Request for Production No. 12 (R. Doc. 22-4 at 14). Beyond that, Defendant's position is somewhat undercut by its own counsel, who stated during Ms. Wells' deposition that she had previously asked Wells to provide all of Wells' notes concerning Plaintiff. (Wells' Dep. at 187:23 – 188:11, R. Doc. 24-1 at 13-14) ("[Y]ou know, I asked you . . . to produce any notes that you have regarding Ms. Bracken to me previously . . . And this would be included in that.").

- Ms. Wells' second deposition will be **limited** to **questions** about the **information contained** in the following documents: **D-BRACKEN-EMAILS at 11-12** (R. Doc. 22-6 at 46-47) and **D-MISC at 40-50** (R. Doc. 22-6 at 55-65).

Signed in Baton Rouge, Louisiana, on December 18, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**